■ In the Matter of WARRENSBURG PENTECOSTAL HOLINESS ASSOCIATION, Appellant, v. KENNETH MARANVILLE, Respondent.— STALEY, JR., J. Appeal from a judgment of the County Court, County of Warren, entered March 4, 1968, which dismissed a petition in a summary proceeding to recover possession of real property. The Warrensburg Pentecostal Holiness Association, (hereinafter called the Association), was incorporated as a religious corporation, pursuant to the Religious Corporations Law of the State of New York by certificate of incorporation recorded in the Warren County Clerk's Office on October 28, 1913. The certificate of incorporation contained a provision to the effect that the Association was connected with the General Conference of the Pentecostal

Holiness Association, (hereinafter called the General Conference), the governing ecclesiastical body. Respondent Maranville has been pastor of the Association since October, 1960. As such he presently occupies and has occupied since May of 1961 the parsonage building at 27 Burdick Avenue, Warrensburg, New York. All parties concede that the building is owned by the Association. At a meeting of the congregation of the Association held on December 18, 1963 the congregation voted to sever relations with the General Conference. Since that time the independent congregation has continued to carry on the function of the church in Warrensburg and has annually elected officers and trustees. On April 4, 1967 five persons purportedly representing the General Conference executed a resolution calling for an election of officers and trustees of the Warrensburg Association setting forth the names of 16 persons as the only persons entitled to vote at the election. None of these people were members of the congregation of the local church. On April 13, 1967 these 16 persons met and purported to elect a president, secretary, and three trustees of the local Warrensburg Association. In November of 1967 the president-elect, Hugh Robinson, instituted this summary proceeding to evict the respondent Maranville from the parsonage building. The trial court held that the action of the General Conference apparently proceeded upon what the court considered the erroneous legal assumption "that the Warrensburg Corporation, by disassociating itself from the Mother Church, ceased to exist, and that its duly elected trustees no longer held office." The trial court then "noted that no dissolution proceedings were ever held by the General Conference, nor by any other governing body of the Mother Church, nor under Paragraph 18 of the Religious Corporations Law of New York. Neither is there evidence that any hearings were held by the General Conference, nor by its executive committee, nor by its trustees to determine that the Warrensburg corporation should be dissolved." Upon this record, to which our decision is of course confined, petitioner did not sustain the burden of proving its entitlement to the eviction remedy sought. It does not necessarily follow that the respondent group is legally constituted, and to this extent we are constrained to disagree with the trial court's statement, prior to the reception of proof, that the issue "in this action is which of two groups of individuals are the duly elected and serving trustees and officers of this religious corporation"; for petitioner's failure to adduce preponderant evidence sustaining its legal entitlement to sue does not, of course, serve to establish the legal status of the respondent body. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.